IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HORACE DEMAR, A/K/A HORRACE DEMAR, | § § § § | |
| Petitioner, | § § | CIVIL ACTION H-20-3309 |
| v. | § § | |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Horace Demar, a state inmate proceeding *pro se* and impliedly seeking leave to proceed *in forma pauperis*, filed this habeas petition. He renews his long-rejected claim[1] that he is entitled to certain evidence unlawfully suppressed some thirty years ago in his 1991 trial for attempted capital murder of a police officer. As judicial relief, he "seeks access to *Brady* materials in the State's possession or control." Petitioner provides no identification of this purportedly withheld evidence other than as "*Brady* materials."

Petitioner expressly denies he is challenging his underlying conviction, and no court has held that the State violated *Brady* in petitioner's 1991 trial. Granting relief in this case would necessarily require a judicial determination that the State withheld evidence in violation of *Brady* during petitioner's criminal prosecution. That is, the Court cannot order

---

[1] Petitioner raised his *Brady* claim in *Demar v. Johnson*, C.A. No. H-00-3356 (S.D. Tex.), which was dismissed as barred by limitations in May 2001. He sought production of the "*Brady* materials*" in an unsuccessful federal mandamus proceeding. *Demar v. Ogg*, C. A. No. H-19-3639 (S.D. Tex. 2019). Petitioner has also unsuccessfully pursued production of the materials in *State v. Demar*, Cause No. 589874 in the 176th District Court of Harris County, Texas.

the State to produce "*Brady* materials" without expressly or impliedly finding that the State violated *Brady*. Thus, contrary to petitioner's contention, the instant pleading challenges the validity of his 1991 conviction by claiming the State violated *Brady*.

Petitioner's *Brady* claim was dismissed by this Court in 2001 as barred by the AEDPA one-year limitation. *Demar v. Johnson*, C.A. No. H-00-3356 (S.D. Tex. 2001). His pending *Brady* claim against the State in this case must be dismissed as "a claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1).[2]

This case is DISMISSED WITH PREJUDICE pursuant to section 2244(b)(1). Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas, on October 1, 2020.

Gray H. Miller
Senior United States District Judge

---

[2] Petitioner also challenges the constitutionality of Texas Government Code § 552.028, the Texas Open Records Act, because it allows state agencies to refuse requests for documents from prisoners. Although it does not raise a cognizable federal habeas claim, petitioner's argument is foreclosed by *Wright v. Curry*, 122 F. App'x 724, 725, 2004 WL 2977437, *1 (5th Cir. 2004) (upholding section 552.028 as constitutional).